IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RICHTER LAW GROUP, LLC<br>55 Broadway, Suite 405<br>New York, NY 10006<br><br>    *Plaintiff*,<br><br>v.<br><br>WILLIAM H. KEATING III<br>2101 Yorktown Rd. NW<br>Washington, DC 20012<br><br>    *Defendant*. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT FOR BREACH OF CONTRACT

Comes now, Plaintiff Richter Law Group, PLLC (hereinafter "Plaintiff" or "Richter Law") by and through undersigned counsel, with the following COMPLAINT for compensatory relief and damages due to breach of contract in the form of non-payment of legal fees agreed to, due and owing by William H. Keating III (hereinafter "Defendant"). The gravamen of the Plaintiff's dispute with Defendant relates to non-payment of legal fees owed to Plaintiff for its representation of Defendant and one of his interests, in litigation involving default on a promissory note, against Richard and Jonita Carter (hereinafter "the Carters"), filed in federal district Court.

## THE PARTIES

Plaintiff Richter Law Group ("Richter") is a Limited Liability Corporation formed and based in the state of New York. Defendant, William Keating III ("Keating"), is a resident of the District of Columbia.

1

## JURISDICTION AND VENUE

Pursuant to 28 USC §1332, this Court enjoys diversity jurisdiction over the instant dispute. The amount in dispute exceeds $50,000.00. Also, this Court is the proper venue because the breach of contract asserted herein took place in District of Columbia, ("DC") and the Parties agreed that any dispute between them would be governed by DC law. *See* EXHIBIT 1 (Amended Retainer Agreement).

## RELEVANT FACTS

1. On or about February 16, 2018, the Plaintiff retained Defendant Richter to represent his corporate entity, Urban Service Systems Corp., ("USSC"), in a dispute in this United District Court against the Carters related to a payment of a promissory note and purchase of equipment and other assets. *See* EXHIBIT 2 (First Retainer Agreement).

2. In April, 2018, the litigation with Carters resulted in the dissolution of the corporate defendant, but the dispute was not fully resolved. Plaintiff therefore carried on his representation of Defendant, and Defendant continued to make payments to Plaintiff for such representation.

3. In August, 2018, the parties executed a new retainer agreement; the only entity remaining in the litigation against the Carters was Defendant in his individual capacity. *See* EXHIBIT 3 (Second Retainer Agreement). Defendant signed the Second Retainer Agreement on or about August 21, 2018 but was then in arears on payments due to Plaintiff.

4. Upon realizing the amount of payment that was overdue, Plaintiff and Defendant chose to amend the retainer agreement to ensure that the representation and the obligation for payment for the representation extended to Defendant from the point and time in which Keating became the only person remaining in the litigation with the Carters. The agreement between the parties is

memorialized and they clearly understood that the obligation to pay legal fees extended to Mr. Keating in his individual capacity from April 16, 2018 through all dates thereafter.

5. As of the date of this Complaint, Defendant's unpaid balance for legal services provided by Plaintiff is $140,707.33.

6. At no time has Defendant disputed the amount owed to Richter or the legitimacy of the demand for due payment. Keating simply ignored to demands for payment.

## COUNT I
(Breach of Contract)

7. Plaintiff incorporates by reference the factual assertions in paragraphs 1-6 above as if fully restated herein.

8. A valid and enforceable contractual agreement existed between the parties for Richter's provision of legal services.

9. Richter fully performed in accordance with the terms of the representation agreement and rendered competent legal representation to Defendant.

10. Defendant has not paid the balance of monies owed to Plaintiff and has refused to respond to demands to tender payment to Plaintiff.

11. Nonpayment of legal fees is a clear and indisputable breach of the terms of the applicable Retainer Agreement between the parties.

12. Richter therefore seeks judgment in its favor of the past-due amount of $140,707.33, plus accumulated interest, costs and fees, and any other remedy the Court deems just and proper.

## COUNT II
(Breach of Duty of Good Faith and Fair Dealing)

13. Plaintiff incorporates by reference the factual assertions in paragraphs 1-12 above as if fully restated herein.

14. On or about April 16, 2018, in accordance with a signed and executed document, Defendant agreed to pay Plaintiff for the provision of legal services, the amount agreed to in EXHIBIT 1, and accounted for and memorialized in EXHIBIT 4.

15. Richter's legal services to Defendant were based upon Defendant agreement to pay for Richter's legal services.

16. Defendant's failure to pay for services rendered in excess of $140,000.00 constitutes a breach of his duty of good faith and fair dealing to do what he agreed to do particularly in the Amended Retainer Agreement.

### *AD DAMNUM*

WHEREFORE, PLAINTIFF seeks a judgment from this Court in the amount owed, $140,707.33, plus interest, attorney's fees, costs, and all other relief which this Court deems just and proper.

Respectfully submitted,

*/s/ Donald Temple*
Donald Temple
Temple Law Offices
1310 L St., NW
Suite 750
Washington, DC 20005
202-628-1101 (o)
202-217-2774 (f)
dtemplelaw@gmail.com
*Counsel for Plaintiff*